UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIE STRONG,

                Petitioner,

v.                                               9:21-CV-0813
                                                          (BKS/CFH)

SCOTT FINLEY,

                Respondent.

---

APPEARANCES:                                     OF COUNSEL:

WILLIE STRONG
Petitioner, pro se
21484-052
Schuylkill Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 759
Minersville, PA 17954

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

I.     **INTRODUCTION**

      Petitioner Willie Strong seeks federal habeas relief pursuant to 28 U.S.C. § 2254.  Dkt.

No. 1, Petition ("Pet."); Dkt. Nos. 1-1-1-3, Attachments.[1]  Petitioner also remitted the statutory

filing fee.  Dkt. Entry for Pet. (identifying receipt information for filing fee transaction).

      For the reasons that follow, petitioner is directed to file an affirmation addressing the

issues discussed herein.

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## II.     THE PETITION

Petitioner challenges a 2006 judgment of conviction in Onondaga County, upon his guilty plea, of third degree attempted criminal possession of a controlled substance.  Pet. at 1; *see also* Dkt. No. 1-2 at 7-13 (transcript from the plea hearing); Dkt. No. 1-2 at 15-21 (transcript from the sentencing hearing).  Petitioner indicated that he did not directly appeal the conviction.  Pet. at 2-3.

Petitioner appears to have filed two motions to vacate his judgment pursuant to Criminal Procedure Law § 440.10 ("440 motion").  It is unclear when the first 440 motion was filed; however, petitioner argued he was entitled to relief because the sentencing judge failed to honor a sentencing promise and his counsel was constitutionally ineffective.  Dkt. No. 1-3 at 30-31.  On August 11, 2016, the Onondaga County Court denied the 440 motion.  *Id.* at 29-32.  It is unclear whether petitioner sought leave to appeal the denial of his 440 motion.

In June of 2019, petitioner filed his second 440 motion seeking relief based upon ineffective assistance of counsel.  Dkt. No. 1-1 at 26-49.  On January 15, 2020, the Onondaga County Court denied petitioner's motion.  Dkt. No. 1-3 at 6-9.  Petitioner sought leave to appeal, and, on May 20, 2020, the New York State Appellate Division, Fourth Department denied petitioner's application.  *Id.* at 43-44.  Petitioner then applied to the New York State Court of Appeals for leave to appeal.  *Id.* at 34-41.  On August 12, 2020, the Court of Appeals denied petitioner's application.  *Id.* at 45.

Liberally construing petitioner's claims, he argues that he is entitled to federal habeas relief because his counsel was constitutionally ineffective for failing to (1) present testimony from two exculpatory witnesses, (2) file a motion to withdraw the guilty plea, and (3) object to

the amendment of the indictment and plea offer to a lesser included offense. Pet. at 5-11; Dkt. No. 1-1 at 6-14. For a complete statement of petitioner's claims, reference is made to the petition and attached memorandum of law and exhibits.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

3

reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); see *Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

Petitioner was sentenced on July 21, 2006. Pet. at 1; Dkt. No. 1-2 at 15. Petitioner did not directly appeal his conviction. Pet. at 2-3. Because petitioner failed to file a notice of appeal, his conviction became final on August 21, 2006, or thirty days after he was sentenced.³ *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam)

---

³ The date the conviction was final was August 20, 2006, however, because that day was a Sunday, the Court finds that the state court conviction became final on Monday, August 21, 2006. *See* Fed. R. Civ. P. 6(a)(1)(c); *accord Russo v. LaClair*, No. 7:13-CV-2144, 2016 WL 8721427, at *9 (S.D.N.Y. Feb. 24, 2016) (calculating final date

(explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)); *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Accordingly, petitioner had until August 21, 2007, to timely file his habeas petition. The present petition was placed in the mail on July 12, 2021, almost fourteen years beyond the expiration of the statute of limitations.[4]

Petitioner's two 440 motions also provide little help. This is because they were both filed after the expiration of the limitations period. While it is unclear when the first 440 motion was filed, it was ultimately denied in 2016. Therefore, it would be safe to assume that the motion was filed within a few years of the final decision. Even assuming the first 440 motion was filed in 2010, it would still be years past the expiration of the statute of limitations. Similarly, petitioner's second 440 motion, filed in June of 2019, was filed almost twelve years past the conclusion of the limitations period. Accordingly, neither motion would have any bearing on the present analysis because an application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of

---

of conviction where petitioner did not seek leave to appeal to the Court of Appeals and thirty days after service of the Notice of Entry fell on a Sunday).

[4] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

5

statutory tolling."). Finally, petitioner has provided no basis for equitable tolling in his petition.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).

Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall

be dismissed with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: July 23, 2021

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge