**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WILLIE STRONG,

                Petitioner,

v.                                            9:21-CV-0813
                                                    (BKS/CFH)

SCOTT FINLEY,

                Respondent.

---

**APPEARANCES:**                                 **OF COUNSEL:**

WILLIE STRONG
Petitioner, pro se
21484-052
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

HON. LETITIA JAMES                     HANNAH S. LONG, ESQ.
Attorney for The State of New York        Assistant Attorney General
New York State Attorney General
28 Liberty Street
New York, New York 10005

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT & RECOMMENDATION

### I. INTRODUCTION

Petitioner *pro se* Willie Strong seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1-1-3, Attachments.[1]  Petitioner also remitted

---

[1] For the sake of clarity, with the exception of Dkt. No. 11-2, – the Exhibits filed by the State of New York in support of the motion to dismiss ("E") – citations to parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.  However, because Dkt. No. 11-2 is separately, consecutively paginated by the Bates Stamp located in the center of the bottom of each page, citations to that docket number will refer to those page numbers instead of the CM/ECF pagination.

the statutory filing fee. Dkt. Entry for Pet. (identifying receipt information for filing fee transaction).

After an initial review, the Court ordered petitioner to file an affirmation addressing why the statute of limitations should not bar his claims. Dkt. No. 2, Decision and Order ("July Order"). In compliance with the July Order, petitioner timely filed an affirmation. Dkt. No. 3, Affirmation. After its review, the Court ordered that the petition be served upon the Attorney General and State of New York because, even though petitioner was housed in a federal correctional facility in Pennsylvania, petitioner was challenging a New York State conviction. Dkt. No. 4, Decision and Order ("August Order").[2]

Counsel for The State of New York filed an appearance and successfully requested permission to file a motion to dismiss. Dkt. No. 5, Notice of Appearance; Dkt. No. 6, Motion for Leave to File a Motion to Dismiss; Dkt. No. 7, Text Order; Dkt. No. 11, Motion to Dismiss. Petitioner opposed the motion. Dkt. No. 12. The State of New York replied. Dkt. No. 13. For the reasons stated herein, it is recommended that the petition be dismissed for want of subject matter jurisdiction.

## II.  RELEVANT BACKGROUND

Petitioner has an extensive criminal history, including six sentences of imprisonment. Five of those judgments are from New York State Courts and the last is from this Court. The details, as relevant to this action, are discussed below.

### A.   1998 Syracuse City Court Sentence

In 1997, petitioner resolved charges for unauthorized use of a motor vehicle, criminal

---

[2] Petitioner was transferred from a Federal Correctional Facility in Pennsylvania to one in New Jersey in November 2021. Dkt. No. 8, Notice of Change of Address.

2

trespass, menacing, and criminal possession of a firearm by pleading guilty to lesser charges. E. 2-5. Petitioner was sentenced to 30 days' imprisonment and 1 year's probation. E. 3. However, petitioner violated the conditions of his release, and, on March 9, 1998, was sentenced to 90 days' imprisonment. E. 6. That sentence fully expired no later than ninety days later, on June 7, 1998.

### B. 2004 Syracuse City Court Aggregate Sentence

In July of 2002, a little over four years after his first city court sentence expired, petitioner resolved charges of felony possession and sale of narcotics and of resisting arrest, by pleading guilty to misdemeanor criminal possession of a controlled substance. E. 8. Petitioner also resolved a second charge of resisting arrest. E. 9. The court initially sentenced petitioner to three years probation in each case, to run concurrently. E. 8-9.

However, petitioner again violated his conditions on probation. E. 10-11. Accordingly, on April 27, 2004, petitioner was resentenced to 1 year's imprisonment in his first case, E. 10, and a concurrent, nine months' imprisonment in his second, E. 11. This means that petitioner's aggregate sentence expired no later than one year later, on April 27, 2005.

### C. 2006 Onondaga County Court Sentence

In August of 2005, months after petitioner's 2004 sentence had fully expired, petitioner was indicted for the felony sale of narcotics. E. 13-14. Petitioner ultimately pled guilty to attempt to commit such a sale, and was sentenced to one year and six months' incarceration and one year of supervised release. E.13-14. Petitioner did not appeal the judgment. Pet. at 2-3. Petitioner's sentence commenced on the date that the New York State Department of Corrections and Community Supervision ("DOCCS") received petitioner, specifically July 28,

2006. E. 23; see also N.Y. PENAL LAW § 70.30(1) ("A[] . . . sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of corrections and community supervision."). DOCCS gave petitioner 263 days sentence credit for time petitioner had spent in local jail prior to his transfer to DOCCS. E. 15, 20-21, 27. Thus, the projected maximum expiration date of petitioner's sentence of imprisonment was May 4, 2007. E. 27.

However, due to good behavior during his incarceration, petitioner was released from DOCCS custody to post-release supervision ("PRS") early, on February 16, 2007. E. 21, 23, 25. Had petitioner successfully completed his PRS, the maximum expiration date of his sentence would have been February 16, 2008, excusing the unserved time of two months and eighteen days. E. 21; see also N.Y. PENAL LAW § 70.45(5)(a) & (b) (explaining that "remaining portion[s] of any . . . term shall . . . be held in abeyance until the successful completion of the period of [PRS} . . . the person's return to custody, whichever occurs first.").

A parole violation warrant was lodged on January 15, 2008, when petitioner was arrested on new felony drug charges. E. 18, 21, 25. Petitioner pled guilty and accepted the parole board disposition that he would return to incarceration for the maximum date of his sentence (2 months and 18 days) plus the balance of his PRS time (2 months and 17 days), for a total of five months and five days. E. 18-19, 21-22.

The period of reincarceration ran from January 15, 2008, the date on which the parole warrant was lodged. E. 25; see also 9 N.Y.C.R.R. § 8002.6(b)(1) (explaining that the time assessment "commence[d] running on the date that the parole violation warrant was

4

lodged."). Accordingly, petitioner's sentence expired no later than June 20, 2008.[3]

### D.     2009 Onondaga County Court Sentence

On May 18, 2009, after petitioner's 2006 sentence had fully expired, petitioner was tried before an Onondaga County Court jury on felony drug possession charges. E. 30. On May 19, 2009, the jury returned a guilty verdict convicting petitioner of seventh degree criminal possession of a controlled substance and unlawful possession of marijuana. E. 30, 33. On July 15, 2009, petitioner was sentenced to six months' custody for the controlled substance possession and a one-year conditional discharge for the marijuana possession. E. 30, 33. Accordingly, petitioner's incarceration expired on January 15, 2010, and his conditional release expired on July 15, 2010.[4]

### E.     2015 Onondaga County Court Sentence

In September of 2013, over three years after the prior sentence has expired, petitioner was involved in an incident resulting in a police officer breaking his wrist, and, after putting the petitioner under arrest, finding a loaded shotgun. *People v. Strong*, 164 A.D.3d 1637, 1637 (4th Dep't 2018). Petitioner was convicted by a jury verdict of second degree criminal possession of a weapon, second degree assault, and resisting arrest. *Id.; see also* E. 36. On January 16, 2015, petitioner was sentenced as a prior felon to seven years' imprisonment and five years' PRS for each of the two felonies, to run consecutively to each other. E. 53, 60. As for resisting arrest, the court imposed a sentence of time served. E. 60. Therefore, petitioner's aggregate sentence is 14 years' imprisonment and five years' PRS.

---

[3] For reasons which are unknown, the Parole Board calculated petitioner's release date to be June 17, 2008, and released him on that date. E. 21 n.2.

[4] The Second Circuit concluded that a petitioner is deemed "in custody" during the duration of a conditional discharge. *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016).

This sentence will commence when DOCCS receives petitioner, N.Y. Penal Law § 70.30(1), which, as explained below, will be after the Federal Bureau of Prisons releases him from the federal sentence he is currently serving.  E. 72

### F.     2015 Federal Sentence

While the charges leading to petitioner's January 2015 conviction were still pending, petitioner was arrested on federal drug charges.  *See United States v. Strong*, No. 5:14-CR-0273 (GTS) ("*Strong I*"), Dkt. No. 1, Complaint; *Strong I*, Dkt. No. 36, Indictment. On March 25, 2015, a few months after petitioner's 2015 county court sentencing, petitioner pled guilty to conspiracy to possess and distribute at least 28 grams of cocaine base and at least 100 grams of heroin.  E. 67-68, 76.  This Court sentenced petitioner, as a prior felony offender, to ten years' incarceration and eight years' PRS.  E. 68-69, 71, 73-74, 77.

## III.   THE PETITION

Petitioner challenges the 2006 judgment of conviction in Onondaga County, upon his guilty plea, of third degree attempted criminal possession of a controlled substance.  Pet. at 1; *see also* Dkt. No. 1-2 at 7-13 (transcript from the plea hearing); Dkt. No. 1-2 at 15-21 (transcript from the sentencing hearing).  Petitioner indicated that he did not directly appeal the conviction.  Pet. at 2-3.

Liberally construing petitioner's claims, he argues that he is entitled to federal habeas relief because his counsel was constitutionally ineffective for failing to (1) present testimony from two exculpatory witnesses, (2) file a motion to withdraw the petition, and (3) object to the amendment of the indictment and plea offer to a lesser included offense.  Pet. at 5-11; Dkt. No. 1-1 at 6-14.

## IV.   DISCUSSION

6

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief 'only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States' at the time he files the petition." *Hurdle v. Sheehan*, No. 1:13-CV-6837, 2016 WL 4773130, at *2 (S.D.N.Y. Sept. 12, 2016) (quoting 28 U.S.C. § 2254(a)).[5]

> Courts have construed the term "in custody" liberally to extend beyond physical incarceration; it has been interpreted to include individuals who, at the time of the filing of the petition, were on parole . . ., supervised release . . ., and bail . . . .
>
> However, once a sentence has been completely served and thus expired, an individual is no longer "in custody" under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence.

*Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (internal citations omitted); *see also Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (explaining that a petitioner who files his habeas petition before the sentence of his challenged conviction expires is deemed to be in custody, even if the sentence expires during the course of the habeas action, whereas a petitioner who challenges "a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed" is not). "[E]ven where the petitioner continues to be incarcerated on an unrelated conviction at the time of filing, the 'in custody' requirement is not satisfied where the sentence for the challenged conviction has been fully served."

---

[5] Copies of unpublished cases cited herein have been provided to petitioner pro se.

*Whaley v. Graham*, No. 2:06-CV-3021, 2007 WL 708796, at *2 (E.D.N.Y. Mar. 6, 2007) (citing cases).

Here, petitioner has explicitly stated his intention to solely challenge his 2006 judgment of conviction from Onondaga County, which sentenced him to eighteen months' incarceration and one year of supervised release. E. 13-14. For the reasons previously explained, petitioner's sentences expired no later than June 20, 2008. Accordingly, when this petition was filed on July 12, 2021, Pet. at 16, the sentence had long since expired. Thus, petitioner was not "in custody" as defined in the habeas statute.

There are exceptions to the rule. When a petitioner is serving consecutive sentences, "in custody" has been construed "to require that consecutive sentences be viewed in the aggregate." *Garlotte v. Fordide*, 515 U.S. 39, 45-46 (1995) (citing *Peyton v. Rowe*, 391 U.S. 54, 66 (1968).

> Therefore, even if a prisoner has already completed the first in a series of consecutive sentences, the Court nonetheless has jurisdiction to hear a challenge to the validity of that first sentence. The Supreme Court's decisions in *Garlotte* and *Peyton* are premised on the fact that shortening even an expired conviction that is part of a "continuous stream" of consecutive sentences "would advance the date" of a prisoner's "eligibility for release from present incarceration."

*Hurdle*, 2016 WL 4773130, at *3 (quoting *Garlotte*, 515 U.S. at 47).

However, the *Garlotte* exception is inapplicable to the instant action. Petitioner's 2006 sentence was not imposed to run consecutively with any other sentence issued either prior to or after it. More specifically, the 2006 sentence was imposed after all of his previously imposed sentences – the 1998 and 2004 Syracuse City Court sentences – had expired. Further, the 2006 sentence had fully expired prior to the initiation of petitioner's later 2009

8

and 2015 state and federal court sentences. In sum, the consecutive 2015 state sentences which petitioner will eventually serve are insufficient to establish jurisdiction, as is the federal sentence petitioner is presently serving, assuming the state court deems it to run consecutive to the state sentences. *See Hurdle*, 2016 WL 4773130, at *2 ("once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction even if he remains in custody on a separate conviction.").

The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed," or that a petitioner remains "in custody" under a fully expired sentence "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). That being said, the Supreme Court has not completely ruled out that there may be extremely limited instances where "a habeas petition directed at [an] enhanced sentence may effectively be the first and only forum available for review of the prior conviction;" however, those precise circumstances have not been articulated. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 405 (2001). It is clear that the instant situation is not the type of exception that the Supreme Court had in mind.

The Supreme Court has recently determined that, to the extent petitioner was attempting to assert that his current federal custody – which was enhanced by his 2006 state sentence – satisfied the jurisdictional requirement, petitioner's argument is meritless. *See Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) ("That [petitioner's] state conviction served as a predicate for his federal conviction thus did not render him 'in custody pursuant to the

9

judgment of a State court' under § 2254(a)'"). Accordingly, the Court lacks subject matter jurisdiction over the petition.

Petitioner argues that the substance of his petition can still be considered by the Court given its equitable powers allowing for procedurally defaulted claims to move forward and equitable tolling to circumvent the statute of limitations bar. Dkt. No. 12. Specifically, petitioner contends that he need only "demonstrate either cause and actual prejudice, or that he is actually innocent." *Id.* at 1. Petitioner spends his response presenting those arguments. *Id.* at 2-4. The State replies that those considerations are non-jurisdictional in nature and do not save the present petition.

Petitioner's argument fails because it is axiomatic that a court must have subject matter jurisdiction over a claim prior to being able to exercise equitable jurisdiction over it. Examinations of the statute of limitations and procedural default are all non-jurisdictional considerations. *See Rivas v. Fischer*, 687 F.3d 514, 549 (2d Cir. 2012) (explaining that equitable tolling "is not jurisdictional") (quoting *Holland v. Florida*, 560 U.S. 631, 645-46 (2010)); *Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) ("The AEDPA statute of limitations is not jurisdictional . . . ."); *Almonte v. New York State Div. of Parole*, No. 9:04-CV-484 (GLS), 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (identifying "procedural default [a]s non-jurisdictional[.]"). Conversely questions of custody are not. *See Maleng*, 490 U.S. at 490 (explaining that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody*[.]'"). Accordingly, petitioner's equitable arguments cannot be considered because the Court lacks the power to review them.

**V. CONCLUSION**

**WHEREFORE**, it is hereby

**RECOMMENDED**, that motion to dismiss, Dkt. No. 11, be **GRANTED**; and it is further

**RECOMMENDED**, that the petition, Dkt. No. 1, be **DISMISSED** for lack of subject matter jurisdiction**;** and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[6] and it is further

**RECOMMENDED**, that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**RECOMMENDED**, that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

---

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

[7] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *Id.* § 6(a)(1)(c).

Dated: February 11, 2022
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge