UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WILLIE STRONG,

                              Petitioner,                        9:21-cv-813 (BKS/CFH)

v.

SCOTT FINLEY and
THE STATE OF NEW YORK

                              Respondents.

_____

**Appearances:**

*Petitioner pro se:*
Willie Strong
21484-052
FCI Fairton
PO Box 420
Fairton, NJ 08320

*For Respondent State of New York:*
Letitia James
Attorney General of the State of New York
Hannah Stith Long
Assistant Attorney General
New York State Attorney General's Office
28 Liberty Street
New York, NY 10005

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

     On July 19, 2021, Petitioner pro se Willie Strong filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2006 Onondaga County conviction for attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law §§ 110 and 220.39. (Dkt. No. 1; *see* Dkt. No. 11-2, at 16). Respondent State of New York filed a motion to dismiss the petition for lack of subject matter jurisdiction because Petitioner's sentence

for the 2006 conviction fully expired in June 2008, thirteen years before he filed the present petition. (Dkt. No. 11). The motion was fully briefed, with a response from Petitioner in opposition to the motion and a reply. (Dkt. Nos. 12, 13). This matter was assigned to United States Magistrate Judge Christian F. Hummel who, on February 11, 2022, issued a Report & Recommendation recommending that respondent's motion to dismiss be granted and that Plaintiff's petition be dismissed for lack of subject matter jurisdiction because Petitioner was not in custody when he filed the petition. (Dkt. No. 14). The Report recommended that no certificate of appealability be issued because Petitioner failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). (*Id.* at 11). Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that failure to object to the report within fourteen days would preclude appellate review. (*Id.*).

On February 28, 2022, Petitioner filed a one-sentence letter, asking the court to construe the letter "as a request for a C.O.A." and "an objection" to the Report & Recommendation. (Dkt. No. 15). The letter did not identify a basis for either a Certificate of Appealability or an objection to the Report & Recommendation.

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

Here, Petitioner has not identified any objection to the Report & Recommendation, and the Court's review is therefore for clear error. Having reviewed the Report & Recommendation for clear error and found none, the Court adopts the Report & Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Hummel's Report & Recommendation (Dkt. No. 14) is **ADOPTED** in all respects; and it is further

**ORDERED** that Respondent's motion to dismiss (Dkt. No. 11) is **GRANTED** and the petition is **DISMISSED for lack of subject matter jurisdiction**; and it is further

**ORDERED** that no certificate of appealability is issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a certificate of appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**

Dated: March 18, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

3